# CIRCUIT COURT OF THE CITY OF NORFOLK

Norfolk Redevelopment
and Housing Authority

v.

Marian McCray

September 30, 1997

Case No. (Law) L97-1681

BY JUDGE MARC JACOBSON

On March 19, 1997, Plaintiff Norfolk Redevelopment and Housing Authority (NRHA) filed a Motion for Judgment in Unlawful Detainer against Defendant Marian McCray in the General District Court for the City of Norfolk, seeking possession of the premises known as 605 Wiley Drive in the City of Norfolk. On May 12, 1997, Defendant removed the action to the Norfolk Circuit Court. A trial of the case was scheduled in the Norfolk Circuit Court for September 3, 1997, and upon motion of the Defendant on that date, this Court granted a continuance and rescheduled the trial for October 14, 1997. On September 4, 1997, Defendant tendered a written request for a trial by jury.

Unlawful detainer is available both in Circuit Courts and in General District Courts. *See* Va. Code §§ 8.01-124 through 8.01-130. Under Virginia Code § 8.01-127.1, a defendant in an unlawful detainer action commenced in a general district court may remove the action to the circuit court provided that (1) the action does not involve a default in rent; (2) defendant files an affidavit of substantial defense pursuant to the requirements of § 16.1-92; and (3) defendant pays the costs incurred up to the time of removal. A defendant may remove a case to the circuit court "any time on or before the return day of process, or within ten days *after such return day,* if trial of the case has not commenced *and* if a judgment has not been rendered ... ." Va. Code § 16.1-92 (emphasis added).

In the instant case, the motion for judgment fixed a return date of April 14, 1997, the date of the initial hearing between the parties. The record reveals that trial of this case was continued on two separate occasions, to April 30, 1997, and then to May 7, 1997. These continuances, however, did not change the return date and therefore, in order for Defendant to have properly removed this action to circuit court, he would have had to petition the general district court *within ten days after* April, 14, 1997. *See* Va. Code § 16.1-92. The record reveals that Defendant petitioned for removal on May 12, 1997, beyond the time allowed by statute. Therefore, the Norfolk General District Court was without authority to remove the case. For these reasons, the instant action is remanded to the Norfolk General District Court, Civil Division, for trial.

The issue of whether or not McCray is entitled to a jury trial is moot at this time.